# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **KIMBRA CALCATERRA,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   vs. | ) CAUSE NO. 1:14-cv-00632-WTL-TAB |
| | ) |
| **BANK OF NEW YORK MELLON (f/k/a** | ) |
| **Bank of New York, Successor to JPMorgan** | ) |
| **Chase Bank), as Trustee, in Trust for the** | ) |
| **Holders of Structured Asset Securities** | ) |
| **Corporation Mortgage Pass Through** | ) |
| **Certificates, Series 003-BC1,** | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Motion to Dismiss filed by the Defendant, Bank of New York Mellon (f/k/a Bank of New York, Successor to JPMorgan Chase Bank), as Trustee, in Trust for the Holders of Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 003-BC1, requesting dismissal of the Complaint brought by Plaintiff Kimbra Calcaterra. The motion is fully briefed,[1] and the Court, being duly advised, **GRANTS** the motion for the reasons and to the extent set forth below.

## I. STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia*

---

[1] The Defendant filed a brief in support of its Motion to Dismiss. The Plaintiff then filed a Motion to Strike Defendant's Motion to Dismiss, which the Court has considered in making its ruling.

*Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). In reviewing a Rule 12(b)(1) motion, the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 48, 554 (7th Cir. 1999)).

## II. FACTUAL BACKGROUND

On July 31, 2012, the Defendant filed a complaint for mortgage foreclosure in Shelby County Circuit Court (the "State Court") seeking to foreclose against the Plaintiff's property located at 4237 East Union Road in Shelbyville, Indiana ("the Property"). On January 15, 2014, the State Court entered a Decree of Foreclosure in favor of the Defendant, authorizing the Defendant to foreclose on the Property. The Plaintiff failed to timely file a Notice of Appeal as to any of the State Court's orders or judgments. *See* Ind. R. App. P. 9 ("A party initiates an appeal by filing a Notice of Appeal with the Clerk . . . within thirty (30) days after entry of a Final Judgment"). Pursuant to the State Court's judgment, a sheriff's sale was conducted on May 1, 2014, at which the Defendant purchased the Property.

On April 24, 2014, the Plaintiff filed her Complaint in this matter asserting claims for trespass against property and trespass against chattel. In her Complaint, the Plaintiff explains that, "[t]his case arises because the Defendant has sued and obtained Judgment for Foreclosure and has proceeded to sell Plaintiff's land at a Sheriff Sale." Complaint at 2-3. The Plaintiff alleges that in foreclosing on the Property, the Defendant was attempting "to enforce a VOID judgment of foreclosure" because "[t]he court did not have control of the property at anytime [sic] during the case." *Id.* at 8.

## III. DISCUSSION

The Plaintiff is proceeding *pro se* in this matter. Accordingly, the Court is required to liberally construe her Complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). As noted above, the Plaintiff asserts two counts against the Defendant: (1) Trespass to Land; and (2) Trespass to Chattel. The Defendant moves to dismiss both counts for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, there are two categories of federal claims that are jurisdictionally barred: (1) instances where "a plaintiff[] request[s] . . . a federal district court to overturn an adverse state court judgment"; or (2) instances where federal claims were not raised in state court or do not require review of a state court's decision but yet are "inextricably intertwined" with a state court judgment. *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). *See also Commonwealth Plaza Condo. Ass'n v. City of Chicago*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (the *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"). Importantly, the purpose of the doctrine is to "preclude[] lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] *no matter how erroneous* or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court

judgment." *Taylor v. Federal Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)) (emphasis added).

Here, the Plaintiff's claims fall squarely into the first category of the *Rooker-Feldman* doctrine and are jurisdictionally barred because the Plaintiff is asking this Court to overturn the State Court's judgment. The Plaintiff's trespass claims against the Defendant depend entirely on her assertion that the State Court's Judgment of Foreclosure is "void" and "worthless." The Plaintiff reasons that the State Court's judgment is void because the State Court "did not have control or jurisdiction over [the Property]" in light of the Plaintiff's "exclusive possessory interest, title and ownership of [the Property]." Complaint at 8-9. Thus, the Plaintiff alleges that because the Defendant sought to enforce the State Court's void (i.e., erroneous) Judgment of Foreclosure, the Defendant injured the Plaintiff by trespassing on her land and chattel.

Even assuming the Plaintiff is correct that the State Court erred in its judgment, this Court can do nothing to remedy that error, because as noted above the United States Supreme Court has exclusive federal appellate jurisdiction over review of the State Court's judgment. *See Commonwealth Plaza Condo. Ass'n*, 693 F.3d at 745 (citation omitted) ("The [*Rooker-Feldman*] doctrine . . . prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction."). In other words, the Plaintiff's claims are precisely the type of claims the *Rooker-Feldman* doctrine was designed to prevent this Court from reviewing.

For the same reasons, the Plaintiff's argument to the contrary is unavailing. The Plaintiff argues that the purpose of her Complaint is not to challenge or overturn the State Court's judgment, but to "show Injury" caused by the Defendant's actions pursuant to the State Court's judgment. Motion to Strike Defendant's Motion to Dismiss at 3. However, were this Court to

act as requested by the Plaintiff (i.e., find that the Defendant trespassed in holding a Sheriff's Sale of the Property), it would be overturning the State Court's judgment permitting the Defendant to foreclose on the Property; this the court cannot do in light of the *Rooker-Feldman* doctrine. *See Commonwealth Plaza Condo. Ass'n*, 693 F.3d at 745 (citation omitted) (emphasis added) (The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of *injuries caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'").

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED** and the Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

SO ORDERED: 10/09/14

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Kimbra Calcaterra**
**4237 E. Union Road**
**Shelbyville, IN 46176**

Copies to all counsel of record via electronic communication.

5